**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TRACEY HOLLAND, VIRGINIA ERB MARQUIS, and DON ROWLETT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD.,<br><br>Defendants. | Civil Action No. 2:22-cv-01348-JMV-AME<br><br><br>Motion Return Date:  July 18, 2022 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO STRIKE THE FIRST AMENDED COMPLAINT AND TO DISMISS PLAINTIFFS' CLAIMS WITH PREJUDICE, OR, IN THE ALTERNATIVE, GRANT THE MOTION TO COMPEL ARBITRATION**

**ARNOLD & PORTER**
**KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Tel.: 212.836.8000
Fax: 212.836.8689

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................... ii

INTRODUCTION ...................................................................................................1

BACKGROUND .....................................................................................................2

ARGUMENT .........................................................................................................5

I.  The Purported Amended Complaint Is Not a Proper Amendment
    Under Rule 15 .................................................................................................6

    A.  Ms. Brito and Mr. Jimenez Cannot Amend the Complaint
        Because They Are Not Parties ...............................................................6

    B.  There Is No Legal Basis to Amend the Complaint at This Time
        Without Leave of Court or SEA's Consent...........................................9

II. The Court Should Dismiss Plaintiffs' Claims with Prejudice or,
    Alternatively, Grant SEA's Motion to Compel Arbitration ...........................11

    A.  The Court Should Dismiss Plaintiffs' Claims with Prejudice
        Pursuant to Rule 41(b)..........................................................................11

    B.  Alternatively, Plaintiffs Have Defaulted on SEA's Motion to
        Compel Arbitration, and the Court Should Now Grant It...................13

CONCLUSION ....................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Armstrong v. Weichert Realtors*,
    2006 WL 1455781 (D.N.J. May 19, 2006)........................................................14

*Conrad v. Phone Directories Co.*,
    585 F.3d 1376 (10th Cir. 2009) ........................................................................10

*In re Plavix Mktg., Sales Pracs. & Prods. Liab. Litig.*,
    2021 WL 5002715 (D.N.J. Oct. 28, 2021), *reconsideration denied*,
    No. 11-CV-6476 (June 17, 2022), ECF No. 115 .........................................7, 8, 9

*In re Plavix Mktg., Sales Pracs. & Prods. Liab. Litig. (No. II)*,
    974 F.3d 228 (3d Cir. 2020) ..............................................................................7

*Intown Props. Mgmt., Inc. v. Wheaton Van Lines, Inc.*,
    271 F.3d 164 (4th Cir. 2001) .............................................................................8

*Mazariegos v. Monmouth Cnty. Corr. Inst.*,
    2017 WL 9292233 (D.N.J. June 13, 2017), *report and*
    *recommendation adopted*, 2017 WL 6606856 (D.N.J. Dec. 27, 2017).............13

*Police & Fire Ret. Sys. of Det. v. IndyMac MBS, Inc.*,
    721 F.3d 95 (2d Cir. 2013) ................................................................................8

*Ramasamy v. Essar Glob. Ltd.*,
    825 F. Supp. 2d 466 (S.D.N.Y. 2011) .............................................................11

*T.J. McDermott Transp. Co. v. Cummins, Inc.*,
    2017 WL 11476192 (D.N.J. Jan. 17, 2017)......................................................5

*U.F.C.W. Loc. 56 Health & Welfare Fund v. J.D.'s Mkt.*,
    240 F.R.D. 149 (D.N.J. 2007)...........................................................................5

*United States ex rel. Little v. Triumph Gear Sys., Inc.*,
    870 F.3d 1242 (10th Cir. 2017) ......................................................................8, 9

*Vasadi v. Samsung Elecs. Am., Inc.*,
    2021 WL 5578736 (D.N.J. Nov. 29, 2021) ........................................................12

*Winters v. Elec. Merch. Sys.*,
    2019 WL 2928879 (D.N.J. July 8, 2019) ...........................................................8

**Statutes**

9 U.S.C. § 4 ..............................................................................................................10

**Other Authorities**

Fed. R. Civ. P. 15(a)..................................................................................................5

Fed. R. Civ. P. 15(a)(1).......................................................................................6, 10

Fed. R. Civ. P. 15(a)(1) advisory committee's note to 2009 amendment ...............10

Fed. R. Civ. P. 15(a)(1)(A) .....................................................................................10

Fed. R. Civ. P. 15(a)(1)(B) .....................................................................................10

Fed. R. Civ. P. 15(a)(2)............................................................................................10

Fed. R. Civ. P. 15(c)(1)..............................................................................................8

Fed. R. Civ. P. 41(a)................................................................................................12

Fed. R. Civ. P. 41(b) .......................................................................................5, 11, 12

## INTRODUCTION

Two nonparties, Jannat Denise Brito and Jose Rosario Jimenez, unilaterally filed a purported "amended complaint" through which they seek to take over the prosecution of this lawsuit from the three original plaintiffs. The Court should strike that complaint because it seeks to circumvent the Federal Rules of Civil Procedure. The original three plaintiffs are not sponsoring the new complaint, which does not list them as plaintiffs and was not filed on their behalf. In fact, these plaintiffs have disappeared from the case altogether. If Ms. Brito and Mr. Jimenez wish to sue Samsung Electronics America, Inc. ("SEA"), they may file their own lawsuit, but the Federal Rules do not allow them to take over a lawsuit from other parties who do not wish to pursue it. And even if non-parties could "amend" a complaint that no party continues to pursue (they cannot), this amendment would still be improper because it required leave of the Court or consent from SEA, which Ms. Brito and Mr. Jimenez did not have. The Court should thus strike the amended complaint.

Moreover, because the original plaintiffs have abandoned their claims and no longer wish to participate in this litigation, and have failed to comply with the basic provisions in the Federal Rules governing what to do when plaintiffs do not wish to maintain the litigation they filed, the Court should dismiss those claims on the merits with prejudice. But if the Court elects to consider the claims asserted in

1

the original complaint, it should grant SEA's previously-filed motion to compel

arbitration on an individual basis, dismiss the class claims with prejudice, and stay

this proceeding pending arbitration.  The three plaintiffs in this action, apparently

recognizing that they had filed their claims in the wrong forum, have not

responded to SEA's motion and thus conceded it.  Moreover, that motion is

supported by uncontroverted facts and clear law, and the Court should grant it.

## BACKGROUND

On March 11, 2022, Plaintiffs Tracey Holland, Don Rowlett, and Virginia

Erb Marquis (collectively, "Plaintiffs") filed the instant action against Defendants

SEA and Samsung Electronics Co., Ltd. ("SEC," and together with SEA,

"Defendants").  Plaintiffs alleged that they purchased Samsung Galaxy

smartphones, and that Defendants installed software on their phones that extends

battery life and prevents overheating by limiting the use of processing power in

certain gaming applications.  ECF No. 1 ¶¶ 1-6.  Plaintiffs asserted various claims

under state consumer protection, fraud, and implied warranty law on the theory

that they "would not have purchased and/or are paying a significant price

premium" for their phones.  *Id.* ¶ 7.  They sought certification of a putative

nationwide class of all purchasers of the S10, S20, S21, and S22 models of Galaxy

smartphones, along with New Jersey, Texas, and Virginia state subclasses.  *Id.*

¶¶ 30, 57.  Plaintiffs served SEA on March 28, 2022.  ECF No. 5 at 2.  They have

not served SEC.  *See* ECF No. 10 at 24 n.11.

On April 16, 2022, SEA filed a consent motion for an extension of time to

respond to the complaint, indicating that it intended to move to compel arbitration.

ECF No. 5.  On May 20, 2022, SEA moved to compel arbitration, in light of

Plaintiffs' unambiguous assent, through a clickwrap process on their phones and

through two other means, to Samsung's arbitration agreement.  ECF Nos. 9-10.

Plaintiffs' response was due June 7, 2022.  Decl. of Lori B. Leskin ¶ 4 ("Leskin

Decl.").

Plaintiffs defaulted on SEA's motion to compel arbitration by failing to

respond.  After defaulting, and with no acknowledgment or explanation for that

default, counsel for Plaintiffs wrote to counsel for SEA on June 8, 2022 to inquire

whether SEA would consent to consolidation of this action with a related matter

pending before this Court, styled *Stewart v. Samsung Electronics America, Inc.*,

No. 2:22-cv-02057-JMV-AME, and to the filing of an amended complaint

consolidating Plaintiffs' claims with those of the plaintiffs in *Stewart*.  *Id.* ¶ 5.

After a conversation with Plaintiffs' counsel the following day to explore the

details of Plaintiffs' proposal, counsel for SEA advised that they would confer with

SEA and provide their position on the request to consolidate the complaint with

*Stewart*.  *Id.* ¶ 6.

The next day, on June 10, 2022, without seeking SEA's consent or leave of court, two individuals not parties to this action purported to file what they styled an "amended complaint" against SEA and SEC. *Id.* ¶ 7; ECF No. 13 ("FAC"). The original plaintiffs—Ms. Holland, Mr. Rowlett, and Ms. Marquis—are not named as plaintiffs in the amended complaint. Nor are any of the *Stewart* plaintiffs. Rather, the new complaint was filed on behalf of Jannat Denise Brito and Jose Rosario Jimenez, who are married. *See* FAC ¶¶ 12-15.

Ms. Brito and Mr. Jimenez allege that they purchased a Galaxy S22 on May 6, 2022, while this lawsuit was pending. *Id.* ¶ 13. Although they purport to bring claims sounding in fraud, they allege that there had already been a "public outcry" over Defendants' use of game optimization software in certain Samsung Galaxy smartphones months before they purchased their phones. *See id.* ¶¶ 47-50. Ms. Brito and Mr. Jimenez also allege that Ms. Brito opted out of the Arbitration Agreement on May 13, 2022, after SEA had advised their counsel that SEA would be moving to compel arbitration of Plaintiffs' claims because none of them had opted out of the Arbitration Agreement. *See id.* ¶ 15; ECF No. 5. Ms. Brito and Mr. Jimenez seek certification of a putative nationwide class of all purchasers of the S10, S20, S21, and S22 models of Galaxy smartphones who opted out of the Arbitration Agreement, along with a New York state subclass. FAC ¶¶ 25, 59.

## ARGUMENT

"Where an amendment has been made impermissibly without leave of the court, Rule 12(f) is the correct instrument with which to correct the complaint." *T.J. McDermott Transp. Co. v. Cummins, Inc.*, 2017 WL 11476192, at *2 (D.N.J. Jan. 17, 2017). Striking an improperly filed amended complaint in violation of Rule 15 of the Federal Rules of Civil Procedure "is appropriate . . . because to hold otherwise would be to essentially ignore Fed. R. Civ. P. 15(a) and the requirement that a plaintiff seek leave before amending its complaint," and would deprive Defendants of their right under Rule 15 to "argue that Plaintiffs' proposed amendments (1) would prejudice Defendants and (2) would be futile." *U.F.C.W. Loc. 56 Health & Welfare Fund v. J.D.'s Mkt.*, 240 F.R.D. 149, 154 (D.N.J. 2007). The Court should strike the amended complaint because it violates Rule 15 in multiple respects.

Moreover, the Court should also dismiss Plaintiffs' abandoned claims with prejudice under Rule 41(b). Alternatively, if the Court elects to consider the original complaint as the operative pleading (despite Plaintiffs' clear abandonment of their claims), because Plaintiffs have failed to respond to, or contest, SEA's motion to compel arbitration, the Court should grant that motion and stay this action pending individual arbitration of Plaintiffs' claims.

## I.   The Purported Amended Complaint Is Not a Proper Amendment Under Rule 15

Federal Rule of Civil Procedure 15 governs the amendment of complaints in federal court.  Once a complaint is filed, amendments generally require permission from the court or consent from the opposing parties, except in limited circumstances expressly delineated in Rule 15.

The amended complaint filed unilaterally by Ms. Brito and Mr. Jimenez violates Rule 15 for two reasons.  *First*, only "parties" may amend a complaint.  Ms. Brito and Mr. Jimenez are not parties to this case and therefore lacked the power to amend the complaint as non-parties.  *Second*, even if it had been filed by a party, the amendment here would have required leave of court or SEA's written consent, neither of which Ms. Brito and Mr. Jimenez obtained.  For these reasons, the Court should strike the amended complaint as improperly filed.

### A.   Ms. Brito and Mr. Jimenez Cannot Amend the Complaint Because They Are Not Parties

Under Rule 15, "[a] *party* may amend its pleading once as a matter of course[,]" subject to specified timing limitations.  Fed. R. Civ. P. 15(a)(1) (emphasis added).  But Ms. Brito and Mr. Jimenez are not parties to this case, and thus they had no right to amend the complaint.  The amended complaint is therefore a nullity and should be stricken.

6

The Third Circuit has held that, "[i]n normal civil litigation, there are three ways for nonparties with interests relevant to a suit to become parties to a suit. They can intervene in the existing suit.  They can file their own related suits based on the same facts.  Or they can be added to the existing suit by the court or the existing parties." *In re Plavix Mktg., Sales Pracs. & Prods. Liab. Litig. (No. II)*, 974 F.3d 228, 233 (3d Cir. 2020).

But what they cannot do is *replace* the existing parties through the guise of "amending" a complaint.  As Chief Judge Wolfson has explained, "the plain language of [Rule 15] clearly and unambiguously provides that only a *party* may amend the complaint." *In re Plavix Mktg., Sales Pracs. & Prods. Liab. Litig.*, 2021 WL 5002715, at *9 (D.N.J. Oct. 28, 2021), *reconsideration denied*, No. 11-CV-6476 (June 17, 2022), ECF No. 115.  Chief Judge Wolfson accordingly held that a new partnership could not simply file an amended complaint in place of a different partnership that was no longer participating in a lawsuit. *Id.* at *10-11. By "simply fil[ing] the [amended complaint] in place of [the former partnership], as if it was a party to this case," the new partnership was "circumventi[ng] . . . the Federal Rules of Civil Procedure." *Id.* at *11.  Chief Judge Wolfson "f[oun]d it contrary to the purpose and spirit of the rules of civil procedure for an entirely new party to step into the shoes of a dissolved partnership plaintiff without notice to the other litigants and without approval of the Court." *Id.*  Thus, "because non-party

New JKJ filed the [amended complaint]," the amended complaint had to be "dismissed as improperly filed." *Id.*

Numerous courts have reached the same conclusion based on the plain language of Rule 15: non-parties may not substitute themselves into an action in the place of the original plaintiffs through an amendment to the complaint. *See, e.g., United States ex rel. Little v. Triumph Gear Sys., Inc.*, 870 F.3d 1242, 1248 (10th Cir. 2017) ("non-parties[] ha[ve] no right to amend the complaint under Rule 15"); *Police & Fire Ret. Sys. of Det. v. IndyMac MBS, Inc.*, 721 F.3d 95, 110 n.18 (2d Cir. 2013) ("We note at the outset our skepticism that proposed intervenors, who were not parties to the proceedings below, may invoke Rule 15(c)(1) to become parties by amending the complaint of a party (in this case, the only named plaintiff) in the action."); *Intown Props. Mgmt., Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 169 (4th Cir. 2001) ("Rule 15 allows liberal amendment by *parties*, not nonparties . . . ."); *Winters v. Elec. Merch. Sys.*, 2019 WL 2928879, at \*3 (D.N.J. July 8, 2019) ("In order to add plaintiffs to the case, *the existing plaintiffs – Mr. Winters and CSI – were required to move to add additional parties as co-plaintiffs*." (emphasis in original)).

These principles require the Court to strike the amended complaint here. Ms. Brito and Mr. Jimenez did not seek to intervene under Rule 24 in the existing action brought by Ms. Holland, Ms. Marquis, and Mr. Rowlett. Ms. Brito and Mr.

Jimenez did not file their own related suit based on the same or similar facts.  Nor have they been added to this suit by any party.  Ms. Holland, Ms. Marquis, and Mr. Rowlett "w[ere] the sole name[d] plaintiff[s] in the original complaint," yet "[n]othing in the amended complaint indicates that [they] filed it—or that [they] w[ere] even aware of it.  [Their] name[s] appear[] nowhere in it." *Triumph Gear Sys.*, 870 F.3d at 1248.  Indeed, the amended complaint identifies only Ms. Brito and Mr. Jimenez as the "Plaintiffs" "bring[ing] this class action suit."  FAC at 3, ¶¶ 12-15.  Ms. Holland, Ms. Marquis, and Mr. Rowlett have "simply disappeared from the action." *Triumph Gear Sys.*, 870 F.3d at 1248.

In short, no existing party has amended a complaint to add Ms. Brito and Mr. Jimenez, and because Ms. Brito and Mr. Jimenez "w[ere] never made . . . formal part[ies] in this case," *In re Plavix*, 2021 WL 5002715, at *11, they "had no power to amend the complaint" on their own, *Triumph Gear Sys.*, 870 F.3d at 1249.  The Court should therefore strike the amended complaint "as improperly filed" under Rules 12(f) and 15(a). *In re Plavix*, 2021 WL 5002715, at *11.

**B.     There Is No Legal Basis to Amend the Complaint at This Time Without Leave of Court or SEA's Consent**

The amended complaint should also be dismissed as improperly filed for an additional and independent reason:  even if it had been filed by a party, Rule 15 does not authorize an amendment at this stage of the case without leave of court or SEA's consent.

9

As noted, Rule 15 permits a party to "amend its pleading once as a matter of course" in limited circumstances, specifically "within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). The Rule further provides that, "[i]n all other cases, a party may amend its pleading *only* with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2) (emphases added).

None of the conditions under which Rule 15 permits unilateral amendment are present here. The amended complaint was filed 74 days after the original complaint was served, so Rule 15(a)(1)(A) does not apply. And Rule 15(a)(1)(B) does not apply because SEA did not file a responsive pleading or a motion under Rule 12(b), (e), or (f). SEA's only substantive filing in this matter to date was a motion to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 4. A "motion is not a 'pleading'" for purposes of Rule 15. *See* Fed. R. Civ. P. 15(a)(1) advisory committee's note to 2009 amendment. Nor is a motion to compel arbitration a motion under Rule 12(b), (e), or (f). *See Conrad v. Phone Directories Co.*, 585 F.3d 1376, 1383 n.2 (10th Cir. 2009) ("If a party files a motion under FAA § § 3 or 4, that motion is denied by the court, and the denial is affirmed on interlocutory appeal, nothing prevents that party from then filing a

10

Rule 12 motion to dismiss."); *Ramasamy v. Essar Glob. Ltd.*, 825 F. Supp. 2d 466, 467 n.1 (S.D.N.Y. 2011) ("A motion to dismiss or stay in favor of arbitration is not a Rule 12 motion or a responsive pleading . . . .").

Because Rule 15 does not permit amendment as of right at this juncture of the proceedings—even by an existing party—the Court should strike the amended complaint for this additional reason as well.[1]

## II.   The Court Should Dismiss Plaintiffs' Claims with Prejudice or, Alternatively, Grant SEA's Motion to Compel Arbitration

### A.   The Court Should Dismiss Plaintiffs' Claims with Prejudice Pursuant to Rule 41(b)

In addition to striking the amended complaint, the Court should dismiss Plaintiffs' abandoned claims with prejudice under Rule 41(b).

Plaintiffs have indisputably abandoned their claims: their names appear nowhere in the purported amended complaint and they are not even members of the putative classes described in the amended pleading, because they did not opt out of Samsung's arbitration provision. When a plaintiff no longer wishes to maintain litigation he or she has brought in federal court, the proper procedural

---

[1] If the Court denies the motion to strike, SEA intends to file (i) a motion to dismiss, identifying the myriad ways in which Ms. Brito and Mr. Jimenez will be unable to state a claim, and/or (ii) a motion to strike class allegations, identifying the numerous deficiencies on the face of the amended complaint that would preclude Ms. Brito and Mr. Jimenez from certifying their proposed classes under Rule 23.

mechanism is a voluntary dismissal under Rule 41(a). But Plaintiffs have sought

no such dismissal; they have simply disappeared from the action they filed.

Where a "plaintiff fails to prosecute or to comply" with Rule 41(a), on a

defendant's motion the court may dismiss the case with prejudice. Fed. R. Civ. P.

41(b). Such dismissal is particularly warranted here, given Plaintiffs' abuse of the

Federal Rules and their failure to make any effort in this litigation to ever

prosecute their claims before abandoning them based on the discovery of no new

facts or law.

Indeed, Plaintiffs were already aware that they had filed their claims in the

wrong forum when they brought them in this Court more than three months ago.

Just a few months before Plaintiffs filed suit, this Court held that other purchasers

of Samsung Galaxy smartphones represented by the same counsel as Plaintiffs here

were required to arbitrate their claims against SEA based on the same law and

materially identical facts to those present here. *See Vasadi v. Samsung Elecs. Am.,*

*Inc.*, 2021 WL 5578736, at *10 (D.N.J. Nov. 29, 2021). SEA approached

Plaintiffs to inquire whether they would dismiss their claims and initiate arbitration

proceedings in accordance with the plain and unambiguous terms of their

agreement and this Court's decision in *Vasadi* to avoid the time and expense

associated with preparing a motion to compel arbitration. *See* Leskin Decl. ¶ 2.

Plaintiffs refused to do so. *Id.* Further, they refused to provide basic information

12

concerning arbitrability by identifying the carriers of their Galaxy phones—

information their counsel volunteered by pleading it in the complaint in *Vasadi*—

that would have streamlined the arbitration motion and limited the burdens on SEA

in preparing the motion and the Court in deciding it.  *See id.* ¶ 3.

Plaintiffs then failed to respond to the arbitration motion, and waited until

*after* the deadline to respond to the motion had passed before seeking agreement

from SEA to consolidate their case with *Stewart*—which is similarly brought by

only non-opt-out plaintiffs.  And now they have decided to simply forgo their

claims altogether.[2]  "[G]iven Plaintiff[s'] complete withdrawal from participation

in this case, no sanction short of dismissal would be effective here."  *Mazariegos v.*

*Monmouth Cnty. Corr. Inst.*, 2017 WL 9292233, at *2 (D.N.J. June 13, 2017),

*report and recommendation adopted*, 2017 WL 6606856 (D.N.J. Dec. 27, 2017).

**B.     Alternatively, Plaintiffs Have Defaulted on SEA's Motion to Compel Arbitration, and the Court Should Now Grant It**

If the Court declines to dismiss Plaintiffs' claims with prejudice and is

inclined to consider the original complaint as the operative pleading even though

---

[2] On May 31, 2022, SEA asked counsel for the *Stewart* plaintiffs to identify the carriers associated with the *Stewart* plaintiffs' phones to enable SEA to prepare a more cost-effective and streamlined motion to compel arbitration of their claims, but has not yet received a response.  Leskin Decl. ¶ 8.  On June 22, 2022, those attorneys filed notices of appearances in this case on behalf of Ms. Brito and Mr. Jimenez.  *See* ECF Nos. 14-15.

Plaintiffs no longer wish to stand on it, the Court should grant SEA's pending motion to compel arbitration.

Plaintiffs in this action have failed to respond to SEA's motion to compel arbitration. The facts in that motion are uncontroverted, and as the motion explains, the law is clear: Plaintiffs' claims are subject to arbitration under the Federal Arbitration Act. Thus, if the Court declines to dismiss Plaintiffs' claims on the merits with prejudice, SEA requests that the Court grant its motion to compel arbitration, dismiss the class claims with prejudice, compel plaintiffs to individual arbitration, and stay this action pending arbitration. *See, e.g.*, *Armstrong v. Weichert Realtors*, 2006 WL 1455781, at *3 (D.N.J. May 19, 2006) ("infer[ring] that Plaintiff concedes that Defendants are correct" where "Plaintiff did not respond to Defendants' motion" for summary judgment, and thus granting defendants' motion).

## CONCLUSION

For the reasons set forth above, SEA respectfully requests that the Court strike the amended complaint. SEA also requests that the Court dismiss Plaintiffs' claims on the merits with prejudice; or, in the alternative, grant its previously filed motion to compel arbitration, dismiss the class claims with prejudice, and stay this action pending arbitration.

14

DATED: June 24, 2022

**ARNOLD & PORTER KAYE SCHOLER LLP**

By:  *s/ Lori B. Leskin*

Lori B. Leskin
Anand Agneshwar
250 West 55th Street
New York, NY 10019-9710
Tel.: 212.836.8000
Fax: 212.836.8689
Lori.Leskin@arnoldporter.com
Anand.Agneshwar@arnoldporter.com

Elisabeth S. Theodore (*pro hac vice
  forthcoming*)
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Tel.: 202.942.5000
Fax: 202.942.5999
Elisabeth.Theodore@arnoldporter.com

*Attorneys for Defendant Samsung
Electronics America, Inc.*

15